# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| THOMAS KEVIN WALSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. |
| v. | ) |
| | ) |
| CSX TRANSPORTATION, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES UNDER
## THE FEDERAL EMPLOYERS LIABILITY ACT

Plaintiff, Thomas Kevin Walsh, demands judgment against the Defendant, CSX Transportation, Inc., for the following reasons:

1. This is a lawsuit brought under the Federal Employers Liability Act, 45 U.S.C.A §§ through 60, as amended. For simplicity, the Plaintiff will refer to these statutes, and the case law interpreting them, as "FELA" or sometimes the "Act".

2. Plaintiff is an injured railroad worker who brings this suit to recover for all job related personal injuries and damages he has suffered as the result of an incident on or about October 12, 2014. The Defendant is legally responsible for these injuries and damages because of its failure to provide the Plaintiff a safe workplace.

3. FELA is remedial legislation originally enacted by the United States Congress in 1908 to compensate railroad workers for personal injuries suffered in the course of his employment.

Railroad workers covered under the Act are not eligible for state workers' compensation and FELA provides the sole remedy against their railroad employers for job-related injuries.

4. Under FELA, railroads such as the Defendant may not delegate the duty to provide employees with a reasonably safe work place.

5. The Defendant is a corporation organized and existing under the laws of Florida.

6. The Defendant owns, maintains and operates a railroad and related facilities within the jurisdiction of this court.

7. The Plaintiff's injuries occurred within the jurisdiction of the court.

8. Venue is proper in this court.

9. The Defendant is now and, at all times relevant to this case has been, a "common carrier by railroad" engaged in interstate commerce within the meaning 45 U.S.A. § 51.

10. One or about October 12, 2014, while working within the scope of his duties as a carman for the Defendant, the Plaintiff was injured at 13606 South Wentworth in Riverdale, Illinois, due to the Defendant's negligence.

11. At the time of his injury, the Plaintiff was working as part of the Defendant's business as a railroad engaged in interstate commerce.

12. The Plaintiff's duties with the Defendant were "in furtherance of interstate commerce" as contemplated by 45 U.S.C.A § 51.

13. The Plaintiff's duties with the Defendant "directly and substantially affected" interstate commerce as contemplated by 45 U.S.C.A. § 51.

14. The Plaintiff's injuries are painful, inconvenient and frustrating to him. They harm the quality of his life and require both past and future medical treatment. These injuries are or

may be permanent. They have impacted Plaintiff's ability to work and he has lost income because of them.

15. The Plaintiff has or may have suffered other damages as a result of the injuries, described above. In this lawsuit, he claims compensation for all injuries and damages recoverable under FELA, whether or not specifically alleged.

16. The Defendant caused the Plaintiff's injuries by violating FELA and related laws enacted for the safety of railroad workers. Because of its statutory negligence and violation of the law related to FELA, the Defendant is legally obligated to compensate the Plaintiff for his injuries.

17. The specific negligence of the Defendant will be developed during discovery. Nevertheless, the Plaintiff believes and therefore alleges, that the railroad was negligent in the following ways:

A. Failing to provide him with a reasonably safe work place;

B. Failing to warn him of known or reasonably foreseeable dangers;

C. Failing to provide him with adequate equipment;

D. Failing to provide him with adequate assistance;

E. Failing to provide him with adequate information concerning the areas in which he was required to work;

F. Failing to adequately protect him from dangerous conditions;

G. Failing to properly evaluate the conditions and equipment with which he was required to work;

H. Failing to develop proper procedures for performing his work;

I. Improperly assigning him to duties likely to result in the injuries he suffered;

3

J. Failing to inspect work areas;

K. Failing to adopt and enforce proper rules, regulations, and procedures concerning work practices and work areas; and

L. Was otherwise negligent through its officers, agents and employees in ways that the Plaintiff has not specifically alleged.

18. The Plaintiff demands a trial by jury on all issues.

For the reasons stated above, the Plaintiff demands judgment against the Defendant to be determined by the court.

Respectfully submitted

MULLEN & ASSOCIATES, P.C.

By _____
Lloyd P. Mullen, #14915-19
Attorney for Plaintiff
113 West Joliet Street
Crown Point, IN 46307
Telephone: (219) 661-1529
Fax: (219) 661-1529